UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,       :

      :    SHORT FORM
      :    MEMORANDUM & ORDER
     -against-      :
      :    16-cr-571 (ENV)
JALISA MOORE,      :
      :
     Defendant.  :
------------------------------------------------------------ x

VITALIANO, D.J.

Jury selection in this case is scheduled to start on September 18, 2017. The government has filed evidentiary motions *in limine*. Dkt. No. 14. Having considered the submissions of the parties, Dkt. Nos. 14, 18, 19, 22, the motions *in limine* are resolved in the manner and for the reasons as set forth below.

| Motion | Ruling |
|---|---|
| (A) The government's motion, pursuant to Federal Rules of Evidence 403, 702 and 704, to preclude expert testimony concerning defendant Jalisa Moore's purported intellectual impairment. | (A) The proffered expert testimony of Dr. Leo J. Shea III concerning Moore's alleged intellectual impairment, the Court finds, is relevant on the issue of whether defendant had the requisite *mens rea* necessary to commit the charged offenses, *see* Fed. R. Evid. 401, and would be helpful to the jury in determining the issue, *see* Fed. R. Evid. 702. Moreover, Moore has demonstrated a sufficient link between Dr. Shea's expected testimony concerning her purported intellectual impairment and the specific *mens rea* that the |

1

government must prove.[1] *See United States v. Bumagin*, 136 F. Supp. 3d 361, 372 (E.D.N.Y. 2015) (cautioning that, "in determining whether evidence of a mental impairment is admissible for [the purpose of rebutting the prosecution's proof of *mens rea*], a defendant is required to demonstrate clearly, in advance of trial, that there is a direct link between such evidence and the specific *mens rea* that the Government must prove").

As a result, the government's motion is denied, but only to the extent that Dr. Shea will be permitted to testify at trial but his testimony will be limited to the following categories: (i) the types and natures of the neuropsychological evaluations he administered to Moore; (ii) the results of Moore's neuropsychological testing; (iii) the characteristics, generally, of those who test in the same percentile or bracket as did Moore; and (iv) the signs and symptoms, generally, of "borderline intellectual functioning," including cognitive impairments generally associated with it.

---

[1] Defendant's papers submitted on the motion *in limine* have provided substantial notice of Dr. Shea's qualifications and the substance of his intended testimony. But, to the extent that the disclosures required of defendant by Federal Rule of Criminal Procedure 16(b)(1)(C) are incomplete, defendant must complete her required disclosures by 5 P.M. on Friday, September 15, 2017. That rule requires provision of a written summary of Dr. Shea's expected testimony, describing his opinions and the bases and reasons for those opinions.

It must be clearly understood, though, that Dr. Shea will not be permitted to offer any opinion as to whether and/or how these general signs and characteristics apply to Moore or how they might relate in any way to her alleged conduct in this case. Furthermore, and as defendant concedes in her memorandum in opposition to the government's *in limine* motion, *see* Dkt. No. 18 at 12 ("Opposition Brief"), Dr. Shea may not opine on whether Moore lacks the mental capacity to form criminal intent or as to her mental state at the time of her arrest or interrogation. *See United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006) (defendants may submit "mental health evidence for the purpose of rebutting the prosecution's proof of the *mens rea* element of a specific intent crime," but not where the proffered evidence "constitute[s] an impermissible opinion about the 'ultimate issue' of whether [defendant] possessed the mental state constituting an element of wire fraud"). That is because Federal Rule of Evidence 704(b) prohibits an expert witness from offering "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b).

|  | The jury will be instructed as to the appropriate parameters of Dr. Shea's expert testimony, including instruction that only the jury may determine whether the defendant did or did not have the mental state required by the law for the commission of the charged crimes should the jury find that the defendant committed the acts charged in the indictment, and that the law does not permit experts to offer conclusions on the ultimate issues.[2]<br><br>Given the narrowed scope of the expert testimony and the Court's limiting instruction, any concern of confusing the issues or misleading the jury by the admission of such well-cabined testimony is outweighed by its probative value. Fed. R. Evid. 403. |
|---|---|
| (B) The government's motion, pursuant to Federal Rules of Evidence 403, 702 and 704, to preclude expert testimony about the defendant's post-arrest | (B) The government's motion to preclude Dr. Shea from testifying about Moore's post arrest statements is unopposed and therefore granted. Moore states in her Opposition Brief that "Dr. Shea will not opine directly upon M[s]. Moore's interrogation." Dkt. No. 18 at 9. |

---

[2] The parties are directed to submit to the Court, no later than 5 P.M. on September 18, 2017, their proposals for a limiting instruction concerning this issue to be read to the jury when Dr. Shea is called as a witness.

4

| | |
|---|---|
| statements as improperly usurping the jury's role. | |
| (C) The government's motion, pursuant to Federal Rule of Evidence 402, to admit evidence of the May 2015 arrest of Tarressa Ferreira. | (C) The government's motion to admit evidence of Tarressa Ferreira's May 2015 arrest is unopposed and it is, therefore, granted. *See* Dkt. No. 18 at 2, 15.<br><br>Relatedly, Moore anticipates that any such evidence will follow the government's submission of Moore's post-arrest statements made during her custodial interrogation on October 9, 2016. Moore did not move to suppress these statements, but she requests, pursuant to Federal Rule of Evidence 106, that, upon the government's proffer of less than all of her post-arrest statements, that the statements in their entirety be admitted. *See* Dkt. No. 18 at 15. That request is denied.<br><br>Nevertheless, to the extent that, at trial, discrete portions of the post-arrest statements are admitted in an incomplete form, Moore may move to admit additional portions of a discrete statement, to the extent that they are "necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." *United States v. Coplan*, 703 F.3d 46, |

| | 85 (2d Cir. 2012) (quoting *United States v. Kopp,* 562 F.3d 141, 144 (2d Cir. 2009)). |
|---|---|

So Ordered.

Dated: Brooklyn, New York
       September 13, 2017

/s/ USDJ ERIC N. VITALIANO

_____
ERIC N. VITALIANO
United States District Judge