UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

JALISA MOORE,

              Defendant.
-------------------------------------------------------x

MEMORANDUM & ORDER

16-cr-571 (ENV)

VITALIANO, D.J.

    At the pre-trial conference, held on September 14, 2017, counsel for defendant Jalisa Moore reiterated their request for admission of certain discrete, unsworn, out-of-court statements Moore made in the course of a post-arrest interview she had with investigating agents.

    Generally, "[w]hen the defendant seeks to introduce [her] own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982). There are exceptions. For example, as the Court ruled on a prior defense *in limine* request, the rule of completeness, under Federal Rule of Evidence 106, may allow a defendant to introduce the remainder of an otherwise inadmissible statement when necessary to explain the admitted portion, to place the admitted portion in context, to prevent the jury from being misled, or to ensure a fair and impartial understanding of the admitted portion. *See* Dkt. No. 23 at 5 (citing *United States v. Coplan*, 703 F.3d 46, 85 (2d Cir. 2012)); *see also United States v. Castro*, 813 F.2d 571, 576 (2d Cir. 1987). In the prior ruling, Moore's request for whole-hog admission of her post-arrest statement, should the government offer any admission from it, was denied, though she was granted permission to make particularized proffers at trial of omitted portions that she contends should be admitted for purposes of completion. What Moore requests now is not a redux of the prior motion. It is a motion made

1



on yet another and separate ground.

Setting off on that different tack, Moore's counsel argued that, notwithstanding the rule of completeness, she should be allowed to introduce targeted excerpts from her post-arrest statements that likely would be omitted from the admissions to be offered by the government. Defendant argues that the excerpts are admissible because they speak to the issue of the voluntariness of the interview and the credibility of her admissions.[1] The statements would be offered, Moore claims, not for their truth but to demonstrate her state of mind—*i.e.*, the state of mind exception to the hearsay rule. *See* Fed. R. Evid. 803(3). More precisely, the statements would be offered to show that she lacked the comprehension and understanding necessary for a declarant to knowingly and voluntarily waive her *Miranda* rights and to make voluntary statements. *See United States v. Taylor*, 745 F.3d 15, 23 (2d Cir. 2014) ("A statement made by the accused during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived [*Miranda*] rights when making the statement. . . . We look at the totality of circumstances surrounding a *Miranda* waiver and any subsequent statements to determine knowledge and voluntariness." (alterations in original) (internal quotation marks and citations omitted)).[2]

---

[1] The government, in its opposing papers, *see* Dkt. No. 19 at 4-5, laid down a substantive objection to Moore's voluntariness pitch, stating that any inquiry into voluntariness of admissions made to law enforcement must satisfy the necessary predicate of a showing of coercive police conduct, *see Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 522, 93 L. Ed. 2d 473 (1986). Any such substantive argument is, ultimately, beside the point, and need not be addressed here. Assuming that Moore's purpose for her proffer is substantively appropriate, as will be discussed below, the rules of evidence bar its admission.

[2] It is not disputed that Moore was advised of her *Miranda* rights at the start of her post-arrest interview, that she waived those rights, and, thereafter, made the admissions that the government intends to offer at trial. Defendant did not seek suppression of these statements before trial on *Miranda* or any other ground. The admissions followed what comfortably

2

Given that Moore did not move to suppress her post-arrest statements, she presumably raises the issue of voluntariness now in order to offer evidence that might bear on the credibility and reliability of what the government will proffer to the jury as her voluntary admissions. *See Crane v. Kentucky*, 476 U.S. 683, 688-89, 106 S. Ct. 2142, 2145-46, 90 L. Ed. 2d 636 (1986) (noting that the Supreme Court has long acknowledged that "evidence surrounding the making of a confession bears on its credibility as well as its voluntariness" and "that evidence about the manner in which a confession was secured will often be germane to its probative weight, a matter that is exclusively for the jury to assess" (internal quotation marks and citations omitted)). Undoubtedly, however, if the admission of the discrete bits and pieces of her statement the defense proffered by type at the pre-trial conference has any probative value at all, it is minimal.

Transparently, if it has any relevant purpose, the objective of Moore's tactic is to induce the jury to infer from any lack of understanding or comprehension they might find reflected in the scattered bits and pieces of her post-arrest statement that are the subject of her motion that, likewise, other statements, namely, the admissions and *Miranda* waiver, made in the course of the same post-arrest interview, were equally made without understanding or comprehension and were, consequently, involuntary and incredible, as well. Yet, any inference that a lack of understanding or comprehension exhibited at one point in an interview would inherently afflict discrete statements made at other points in the same interview would rest on the sheerest of speculation. So lightly rooted in speculative soil, the statements Moore seeks to proffer would, therefore, have minimal probative value.

Furthermore, considered in the wider context of a defense challenging the government's

---

satisfies the legal standard for a knowing and voluntary waiver of *Miranda* rights, and the statements to be offered by the government will be received in evidence.

claim that Moore had the requisite knowledge to form the necessary *mens rea* for the criminal importation and possession of drugs, the admission of unhinged, additional post-arrest statements would be quite confusing to a jury.

Finally, admission of Moore's proffer would be highly prejudicial. The government would have no means or opportunity to challenge the validity of the inference the defense would have the jury draw. Pointedly, the cold transcript of Moore's post-arrest statements affords the government no opportunity to probe the depth of her understanding and comprehension at the time she waived her *Miranda* rights and made the actual admissions that the defense challenges as involuntary and unreliable.

Given these factors, the statements that are likely to be the subject of the defense proffer will be excluded upon application of the balancing mandated by Federal Rule of Evidence 403. The admission of statements of the type previewed by the defense at the September 14, 2017 pre-trial conference would have limited probative value, would need to rely on speculation for the relevance of admission, would lead to likely jury confusion, and, in the absence of the opportunity for cross-examination, would be highly prejudicial. Compellingly, those negative factors far outweigh any limited probative value the evidence might have.

Defendant, of course, is not without remedy. She has the right to take the stand and to testify, if she can do so truthfully, that the *Miranda* waiver and admissions she made were prompted by her lack of understanding or comprehension, and that they should be disregarded as involuntary and incredible. Presumably, she would explain away the guilty knowledge of her drug importation and possession in the same fashion. Simply, what fairness requires is live testimony, in open court, under oath, and subject to cross-examination.

Defendant's motion *in limine* seeking the admission of her out-of-court statements for the

4

purpose of disproving the voluntariness and credibility of the admissions she provided to investigating agents at a post-arrest interview is denied.

So Ordered.

Dated: Brooklyn, New York
       September 19, 2017

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge